Christopher M. Schierloh
Veronica Mura
**CASEY & BARNETT, LLC**
65 West 36th Street, 9th Floor
New York, New York 10018
(212) 286-0225
Attorneys for Plaintiff



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ASSEKURANZ-KONTOR MONTAN GmbH a/s/o
PGH S.p.A.,

      Plaintiff,

- against -

GLOBAL EXPRESS SERVICES, LTD. d/b/a/
GLOBE EXPRESS SERVICES (OVERSEAS
GROUP),

      Defendant.
----------------------------------------------------------------X

2013 Civ.

**COMPLAINT**

    Plaintiff, Assekuranz Kontor Montan GmbH a/s/o PGH S.p.A., by and through its attorneys, Casey & Barnett, LLC, as and for its Complaint, alleges upon information and belief as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333.

    2.    At all material times, Assekoranz Kontor Montan GmbH (hereinafter "AKM" or "Plaintiff") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at Kattrepel 2 "Montanhof" D – 20095

Hamburg, Germany and was the subrogated underwriter of a consignment of various leather, poly, and fabric accessories, as more specifically described below.

3. At all material times, PGH S.p.A. (hereinafter "PGH") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at S.P. 9 Feltresca, 224, 6120 Schieti di Urbino, Italy, and was the owner, consignee and/or assured of the consignment of various leather, poly, and fabric accessories that is the subject matter of this litigation.

4. At all material times, defendant, GLOBE EXPRESS SERVICES, LTD d/b/a GLOBE EXPRESS SERVICES (OVERSEAS GROUP) (hereinafter "Globe") was and is a foreign business corporation authorized to conduct business in the State of New York, with an office and place of business located at 1975 Linden Boulevard, Suite 420, Elmont, NY 11003, and was at all times acting in the capacity of a non vessel operating common carrier (NVOCC) of goods for hire and at all relevant times was and is doing business within the jurisdiction of this Honorable Court.

5. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignment, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

## RELEVANT FACTS

6. On or about July 18, 2012, a consignment, consisting of 7,835 pieces of various leather, plastic, and fabric handbags, belts and wallets laden into container GVCU5030664, then being in good order and condition, was delivered to the M/V EVER ULYSSES and to defendant Globe and/or their agents at the port of Hong Kong, Hong Kong for transportation to Taranto,

Italy, in consideration of an agreed upon freight, pursuant to Globe bill of lading number 12HKGH001506, dated July 18, 2012.

7. On or about July 18, 2012, the aforementioned consignment was loaded aboard the M/V EVER ULYSSES, Globe bill of lading number 12HKGH001506 was issued, and the vessel sailed for its intended destination.

8. While in the care and custody of the defendant and/or its agents, the shipment sustained damage due to exposure to salt water.

9. Upon delivery, and as a result of the foregoing, it was discovered that the consignment was not in the same good order and condition as when received by the defendants, but instead 467 pieces of leather, poly and/or fabric accessories had suffered wetting and mold damage during transit.

10. As a result of the damages sustained to the shipment, PGH sustained a loss.

11. The damage to the cargo was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, and bailment on the part of the defendant.

12. At all times relevant hereto, a contract of insurance for property damage was in effect between PGH and AKM, which provided coverage for, among other things, loss or damage to the consignment.

13. Pursuant to the aforementioned contract of insurance between PGH and AKM, monies have been expended on behalf of PGH to the detriment of AKM due to the damages sustained during transit.

14. As AKM has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendant, AKM has an equitable right of subrogation and is

subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages against the defendant.

15. By reason of the foregoing, plaintiff has been sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $11,000.

**WHEREFORE,** Plaintiff prays:

1. That process in due form of law may issue against defendants citing them to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of plaintiff against defendant for the amount of plaintiff's damages in the amount of at least $11,000, together with interests, costs and the disbursements of this action; and

3. That this Court grant to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
August 9, 2013
289-41

CASEY & BARNETT, LLC
Attorneys for Plaintiff

By: _____
Christopher M. Schierloh
Veronica Mura
65 West 36th Street, 9th Floor
New York, New York 10018
(212) 286-0225